By the Court,
Robertson, Ch. J.
The plaintiff’s, stock of goods, insured by the defendants, remained so under the original policy of insurance, in the original building, until the expiration of the risk, or the contract was modified by the assent of both parties. In regard to such modification, Diederick, the supposed agent of the plaintiff, testified, on his direct examination, that when he brought the original policy to the office of the defendants, to procure a transfer of it, he described the property to their secretary, who asked if he would wait for the policy ; to which he said he would stop for it when going to the five o’clock (p. m.) Staten Island ferry boat; but he never stopped for it. On cross-examination, he stated *447 that he told the secretary the plaintiff wanted to remove his stock to Stapleton. Such secretary replied, “ Let the policy remain as it is, and when it expires, it will he less than now telling him “not to change the risk ; that the premium would be less on the ne'vfr building.” The book-keeper of the defendants (Bates) testified that Diederiek said the plaintiff “ was going to remove on that day, and he did not know but he was moving then, and wanted the policy transferred to cover the goods in the new building, and would be back in an hour to take it.” This, certainly, did not constitute either a fixed agreement, or an authority to the defendants’ agents to write what new agreement they pleased on the policy. It was important for the plaintiff to have inserted in the modification of the old agreement the “permission,” which the book-keeper (Bates) testified was inserted by the defendants, sometimes in what they called transfers, when the stock to be transferred was large, so as not to be capable of being removed in a day, or when the fact is specified. Such permission authorized the removal of the stock to the new building, and continued the insurance. It would have been a piece of gross carelessness on the part of Diederiek to have accepted such transfer without such qualification, when he did not know, as he acknowledged, where the goods were. A transfer, without such continuance, was equivalent to a new policy of insurance, and the request for such transfer, without such continuance, was equivalent to an application for it, to notice of the acceptance whereof, by the company, tire plaintiff or his agent was entitled. They never stated to such agent whether they would make such transfer with or without such permission. They did nothing to bind themselves, nor did they agree to make the change before the policy was, with the transfer, to be redelivered, and might have delivered it back without any indorsement ; and so not have been bound at all. The terms of the modification of the contract could not be settled until the form of transfer was assented .to by both parties ; and it is the duty of the defendants, being bound by the terms of the original written contract for the loss, to make out by the clearest evi *448 denee an irrevocable change of responsibility. There was nothing said or done on the occasion to have prevented Diederick, if he had returned, as he promised, to have repudiated the transfer, on account of the absence of the qualified continuance of the old policy until the removal was complete.
Judgment affirmed.